UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-461-FDW-DCK

| ANTONIO J. WRIGHT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| KEVIN W. CARROL, M.D., JUAN RAPOSO, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on a Motion to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2). The Court has examined Plaintiff's financial affidavit in which he states that he received $850.00 in monthly income during the past twelve months, but that he expects no income next month. (Doc. No. 2 at 2). Plaintiff states that he has $250.00 in a checking account. Plaintiff reports monthly expenses of $568.00. (Id. at 5). Finally, Plaintiff reports that "[m]y only source of income is my job, and most of the money I get from it goes to my monthly expenses." (Id.). The Court has determined that Plaintiff's motion to proceed in forma pauperis shall be granted for the limited purpose of this initial review.

**I.     BACKGROUND**

Pro se Plaintiff Antonio Wright filed this action on August 22, 2014, naming Kevin W. Carrol and Juan Raposo as Defendants. Plaintiff alleges that both Defendants are medical doctors who, at all relevant times, were working for the City of Charlotte and that they treated Plaintiff in relation to a claim he brought under workers' compensation insurance. Plaintiff

asserts in the Complaint that this Court has jurisdiction pursuant to 42 U.S.C. § 1985. Plaintiff does not articulate any specific legal claim he purports to bring against Defendants, but he alleges that, on some unspecified date, Defendants "fail[ed] to properly diagnose an MRI document" and "fail[ed] to prescribe additional test." (Id. at 3). Plaintiff alleges that "[b]ecause of fraud and misrepresentation, I have never gotten the medical treatment I needed for improvement. Therefore, I've got deteriorating health, and my injury is progressive and life-threatening." (Id.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court will dismiss this action for failure to state a claim. Here, Plaintiff does not allege what specific legal claim he purports to bring against Defendants. His claim is in the nature of a claim for medical malpractice under state law. Plaintiff's action has been submitted on a form used for actions brought pursuant to 42 U.S.C. § 1983, and Plaintiff alleges that

jurisdiction is proper under 42 U.S.C. § 1985. (Doc. No. 1 at 1). The Court first notes that Section 1983 is not a source of substantive rights but, rather, a method for vindicating federal rights conferred by the U.S. Constitution or provided by statute.[1] To state a cause of action under Section 1983, a plaintiff must allege that (1) the defendant was acting under color of state law in the actions complained of; and (2) the defendant deprived plaintiff of a right, privilege, or immunity secured by the U.S. Constitution or laws of the United States. Clark v. Link, 855 F.2d 156, 161 (4th Cir. 1988). To the extent that Plaintiff is purporting to bring a claim against Defendants through a Section 1983 action, Plaintiff does not allege that Defendants violated any of Plaintiff's rights arising under the laws of the United States or the U.S. Constitution. As for alleged jurisdiction under 42 U.S.C. § 1985, that statute, "titled Conspiracy to Interfere with Civil Rights," generally addresses an agreement of two or more persons to deprive another person of his civil rights. Plaintiff wholly fails to allege a conspiracy claim under 42 U.S.C. § 1985.[2]

To the extent that Plaintiff, who identifies himself as a Tennessee resident, intended to bring a state law claim for medical malpractice in this Court against Defendants, and to the

---

[1] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[2] Moreover, an allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3). Bretz v. Kelman, 773 F.2d 1026, 1028-1030 (9th Cir. 1985). Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1985(2) or (3), as he fails to allege any facts showing any racial or class-based discrimination.

3

extent that he would purport that jurisdiction is proper in this Court based on diversity of citizenship under 28 U.S.C. § 1332, this Court cannot rewrite the Complaint for Plaintiff. The Court further observes that, to the extent that Plaintiff is attempting to bring a claim for medical malpractice under North Carolina law, he has failed to comply with North Carolina's Rule 9(j) certification requirement for medical malpractice actions. See N.C. CIV. P. 9(j). He also does not articulate any dates on which the alleged conduct by Defendants occurred. The Complaint will be dismissed without prejudice to Plaintiff to bring state law claims against Defendants in state court, or to refile an action in this Court more specifically articulating his claims and further alleging why jurisdiction in this Court is proper.

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed without prejudice for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review of his Complaint.
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** without prejudice.

Signed: August 29, 2014

Frank D. Whitney
Chief United States District Judge